UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALPHONSO R. CLARK,<br><br>           Plaintiff,<br><br>    v.<br><br>NAPA STATE HOSPITAL, et al.,<br><br>           Defendants. | Case No. 21-06512 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner currently housed at the Napa State Hospital ("NSH"), filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against NSH and medical staff. Dkt. No. 1. The matter was originally assigned to the Honorable Magistrate Judge Susan van Keulen, who ordered the matter be reassigned to a district judge. Dkt. No. 4. The matter was reassigned to the Undersigned on September 2, 2021. Dkt. No. 5. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order. Dkt. No. 6.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff claims that Defendants misdiagnosed an abscess as a fistula sometime in 2016, and he had to have two operations "because of it." Dkt. No. 1 at 1-2. Plaintiff claims the misdiagnosis was due to medical malpractice by Dr. Chough. *Id.* at 2. Plaintiff claims that when he asked Chief Medical Doctor Romono to refer him to another surgeon for a second opinion, he refused. *Id.* Plaintiff states that Nurse Rosa, a wound care specialist, believed he had a fistula rather than an abscess "but was in fear of losing her job if going against Dr. Chough." *Id.* at 3. Plaintiff claims that the Medical Board of California refused to take action against Dr. Chough for medical malpractice in September 2018, and that the Board was wrong for not reprimanding Dr. Chough. *Id.* at 1-2. For relief, Plaintiff seeks a second medical opinion, for Dr. Chough to be reprimanded, and damages. *Id.* at 3.

The complaint fails to state a cognizable claim. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A

2

determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. But nowhere in the complaint does Plaintiff claim that any Defendant acted with deliberate indifference. Rather, he repeatedly states that Defendants misdiagnosed him and denied him a second opinion, which lead to inadequate treatment. *See supra* at 2. As Plaintiff alleges, these actions may indicate medical malpractice. However, a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004); *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *see, e.g.*, *McGuckin*, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's 8th Amendment rights). There is no allegation suggesting that Defendants' actions were deliberate rather than merely negligent to implicate the Eighth Amendment.

Even if Plaintiff were able to state an Eighth Amendment claim, his claim would be untimely. Section 1983 does not contain its own limitations period. The appropriate period is that of the forum state's statute of limitations for personal injury torts. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985), *superseded by statute on other grounds as stated in Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 377-78 (2004); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999); *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitations for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. *See Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *see also Silva v. Crain*, 169 F.3d 608, 610 (9th Cir. 1999) (limitations period for filing § 1983 action in California governed by residual limitations period for personal injury actions in California, which was then one year and was codified in Cal. Civ. Proc. Code § 340(3)); Cal. Civ. Proc. Code § 335.1 (current codification of residual limitations

3

period, which is now two years; enacted in 2002).

A federal court must give effect to a state's tolling provisions. *See Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Marks v. Parra*, 785 F.2d 1419, 1419-20 (9th Cir. 1986). In California, this includes tolling the statute of limitations during imprisonment and while criminal charges are pending. The statute of limitations begins to run immediately after the recognized disability period ends. *See Cabrera*, 159 F.3d at 378-79 (following California Law).

California Civil Procedure Code section 352.1 recognizes imprisonment as a disability that tolls the statute of limitations when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." *See* Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. *See id.*; *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999). Thus, an inmate has four years to bring a § 1983 claim for damages in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.

Here, Plaintiff claims that the alleged misdiagnosis occurred sometime in 2016. *See supra* at 2. Assuming Plaintiff is entitled to the tolling provision for incarceration, he had a total of four years since his misdiagnosis in 2016 to file a timely action, i.e., possibly no later than December 31, 2020. However, Plaintiff did not file this action until August 24, 2021, which is nearly eight months after 2020 ended. Dkt. No. 1. Accordingly, the instant action is untimely by at least eight months and must be dismissed as such.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** for failure to state a claim for which relief can be granted and as untimely.

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

**Dated: __December 21, 2021_____**

*[signature]*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.21\06512Clark_dism(ftsac)